Opinion issued February 10, 2005














In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00159-CR




GEORGE ROBERT HIKES, III, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 1181633




MEMORANDUM OPINION
          After the trial court denied his motion to suppress evidence, appellant, George
Robert Hikes, III, pleaded guilty to the misdemeanor offense of driving while
intoxicated (DWI). The trial court found appellant guilty pursuant to a plea
agreement, sentenced him to 45 days in jail, and suspended his driver’s license for
one year. In his sole point of error, appellant contends that the trial court erred by
denying his motion to suppress because the State failed to prove that “appellant’s
weaving and/or lane change was made unsafely or endangered others,” which
precluded reasonable suspicion to stop appellant. We affirm.
Background
          On June 23, 2003, at approximately 2:30 a.m., a motorist on State Highway 146
flagged down Officer Galyean of the Seabrook Police Department. According to the
motorist, “there was somebody behind him that was going to kill somebody.” The
motorist then said “[T]here he goes,” when appellant drove past them in a white truck. 
Officer Galyean observed appellant driving on the two marked northbound lanes and
a shoulder for those lanes on State Highway 146 and described appellant’s driving as
follows: appellant drove from the inside lane to the outside lane and onto the
shoulder and returned back to the inside lane, by driving across the outside lane. 
Appellant then drove from the inside lane onto the shoulder again, by driving across
the outside lane. Appellant again drove from the shoulder onto the inside lane, by
driving across the outside lane. Officer Galyean activated his emergency lights and
stopped appellant.
          At the hearing on the motion to suppress, Officer Galyean testified that he
stopped appellant for suspicion of DWI after personally observing that appellant
committed the following traffic offenses: failure to drive in a single, marked lane;
failure to signal a lane change; and driving on the shoulder of the road. Officer
Galyean also testified that he stopped appellant based on the motorist’s warning about
appellant. The record reflects that the trial court denied appellant’s motion to
suppress and found that Officer Galyean’s testimony was credible.
Motion to Suppress
          Appellant contends that the State did not establish that Officer Galyean had
reasonable suspicion to detain appellant for the traffic offense of failure to drive in
a single, marked lane or weaving, because the State failed to show that appellant’s
driving was “unsafe,” as required by section 545.060(a)(1)(2) of the Transportation
Code.


 Appellant does not assert, however, that Officer Galyean did not have
reasonable suspicion to detain appellant for the traffic violations of failure to signal
a lane change and driving on the shoulder of the road. Thus, even if we were to agree
with appellant that the evidence failed to show that his driving was unsafe, the record
shows, and appellant has not challenged, that Officer Galyean had reasonable
suspicion to detain him for the other traffic violations.


 We therefore hold that the
trial court did not err by denying appellant’s motion to suppress evidence. 
Conclusion
          We overrule appellant’s sole point of error and affirm the judgment of the trial
court.
 
 
                                                             Elsa Alcala
                                                             Justice

 
Panel consists of Justices Nuchia, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).